UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORREL DANOS,**<br><br>    Plaintiff,<br><br>v.<br><br>**PANEL SPECIALISTS, INC and JOSEPH EARL BERGERON**<br><br>    Defendant. | Civil Action No.:<br><br>**Jury Trial Demanded** |

## COMPLAINT

COMES NOW Plaintiff, Lorrel Danos, by and through her undersigned counsel and files this lawsuit against Defendants, Panel Specialists, Inc. and Joseph Earl Bergeron, on behalf of herself and similarly situated employees, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended, for overtime violations.

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§1331, 1332, 1337, 1338, 1343(a) (4) 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as Defendants Panel Specialists, Inc. is a domestic corporation who conducts business in this District and as a substantial part of the events or omissions giving rise to the claims that occurred in this District. Defendants completed all of Plaintiff's hiring paperwork and formalized their employment relationship with Plaintiff in their office at 804 Blimp Rd. Houma, Louisiana. The company vehicle Plaintiff used for work related travel departed from and returned to

   Defendants' office located at 804 Blimp Rd. Houma, Louisiana, and Plaintiffs income will be taxed in Louisiana.

3. Plaintiff asserts state based claims under the supplemental jurisdiction of this court, pursuant to 28 U.S.C. §1367, to hear and decide claims arising under the laws of the State of Louisiana. Jurishdiction is specifically conferred on the Court by 42 U.S.C. §2003-5(g).

## II.   STATEMENT OF CLAIMS

4. The instant lawsuit is for relief for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended and Louisiana Revised Statutes 23, § 631.

## III.   PARTIES

5. Plaintiff Lorrel Danos (hereinafter "Plaintiff" or "Ms. Danos") is a resident of LaFourche Parish, Louisiana (within this District).

6. Ms. Danos was jointly employed by Defendants, Panel Specialists, Inc. and Joseph Earl Bergeron (hereinafter "Defendants").

7. Plaintiff is covered by §§ 203, and 207 of the FLSA for the period in which she was employed by Defendants.

8. Plaintiff is covered by §§ 23:631 and 23:632 of the Louisiana Wage Payment Act for the period in which she was employed by Defendants.

9. Defendant Panel Specialists, Inc. is a domestic corporation with its principal place of business at 804 Blimp Rd. Houma, LA 70363 (within this District).

10. Defendant Joseph Earl Bergeron ("Bergeron") is a natural person, being sued in his representative capacity as President, Director and owner of Panel Specialists, Inc. His principal place of business at 203 Seminole Drive Houma, LA 70360.

11. Defendants conduct business within this State and District, and at all times relevant to this lawsuit are private business entities that manage employees, such as Plaintiff. As such, Defendants are subject to the jurisdiction of this Court. Defendants may be served process to their registered agent, Joseph Earl Bergeron at 204 Seminole Dr. Houma, LA 70363.

12. Defendants are employers as defined by § 203(d) of the FLSA. Defendants are subject to the provisions of the Fair Labor Standards Act of 1938, as amended, and the laws of the state of Louisiana.

13. Ms. Danos was at all times relevant to this action, an "employee" of the Defendants as defined at § 203(e)(1) of the FLSA, and is entitled to the protections provided thereunder.

14. Defendants were provided an opportunity to resolve all of Plaintiff's claims described herein prior to the filing of this lawsuit.

## IV.  GENERAL ALLEGATIONS

15. Ms. Danos was employed by Defendant' as an "Instrument Technician" at their office in Houma, Louisiana.

16. Ms. Danos was paid an hourly rate of $25.00 on a bi-weekly pay schedule.

17. Ms. Danos performed approximately 96 hours of overtime and was only compensated for 81 overtime hours.

18. Ms. Danos should have been paid overtime at the rate of $37.50 and was owed $562.50 for 15 hours of overtime work performed.

19. Ms. Danos is due approximately 46 hours unpaid travel time at regular and overtime rates of pay for time spent traveling across the country from Defendants' principal location in Louisiana to New York to perform job duties for Defendants. Plaintiff spent 23 hours

traveling during week 2 of her employment and 23 hours traveling from New York back to Louisiana during week 8 of her employment.

20. Ms. Danos was owed a total of $500 in unpaid regular hours.

21. Ms. Danos was to be paid a per diem fee for each day she was away from home in another state and Defendants failed to meet that obligation. Specifically, Defendant refused to pay per diem fees for travel days.

22. When Plaintiff requested per diem fees for travel days, Defendants responded by stating, "You are lucky I am paying for your hotel".

23. Ms. Danos was owed $200 in unpaid per diem costs for 4 days for a total of $200.

24. Defendant' failure to pay Ms. Danos the appropriate amounts on her regularly scheduled paydays violates the Fair Labor Standards Act and La. R.S. 23:631 and 632.

25. FLSA requires employers pay overtime for hours worked in excess of forty (40) in a workweek of at least one and one-half times their appropriately calculated regular rates of pay. Accordingly, Ms. Danos is unequivocally entitled to full payment for overtime hours worked, and she does not qualify for any of the recognized exemptions from the protections of FLSA.

26. Ms. Danos did not supervise any employees and had no authority to hire, fire, promote or discipline employees.

27. Ms. Danos did not perform duties directly related to management or general business operations. To the extent that her work required any judgment at all, her judgment was limited to choices within set policies or guidelines.

28. Ms. Danos was paid an hourly non-exempt rate during the entire course of her employment, and regularly worked more than 40 hours a week.

29. Defendants deliberately avoided paying Ms. Danos earned her full compensation earned for approximately 60 days by failing to pay for all overtime hours worked, failing to fully compensate for travel per diems owed and failing to compensate for all regular hours worked. These practices are illegal under the Fair Labor Standards Act and La. R.S. 23:631 and 632.

30. The Fair Labor Standards Act requires employers to pay overtime for hours worked in excess of forty (40) in a workweek of at least one and one-half times their appropriately calculated regular rates of pay.

## V.  CAUSES OF ACTION

### COUNT ONE
### FAILURE TO PAY OVERTIME
### §§ 203 and 207 of the FLSA

31. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in the prior paragraphs, as set forth herein and states:

32. By its actions alleged herein Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203, and 207 of the FLSA.

33. Plaintiff was not an exempt employee under FLSA.

34. Defendants deliberately avoided paying Ms. Danos her full compensation earned by failing to pay her for all overtime hours worked. Ms. Danos was owed $562.50 for 15 hours of overtime work performed.

35. Defendant was aware that it could not lawfully deny Plaintiff her appropriately calculated overtime wages.

36. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff's overtime compensation.

37. As a result of Defendant' violations of the FLSA, Plaintiff suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

38. As a result of the unlawful acts of Defendant, Ms. Danos was deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

**COUNT TWO**
**PENALTY WAGES**
**La. R.S. 23:631 and 23:632**

39. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in the prior paragraphs, as set forth herein and states:

40. Defendants failed to pay Plaintiff for all regular hours worked and travel per diem owed to her when employment ended on October 29, 2021.

41. Plaintiff sent Defendants a text message on October 30, 2021, complaining that Defendants owed her payments for hours worked and unpaid travel per diems. Plaintiff also had several subsequent conversations with Defendants seeking payment for wages owed. Plaintiff's text message and subsequent oral communications with Defendants were more than sufficient to constitute a demand for payment. *See Hattaway v. Health Paradigm, LLC*, 45,047 (La. App. 2 Cir. March 3, 2010), 31 So. 3d 1176, 1180, writ denied, 2010-0691 (La. May 28, 2010), 36 So. 3d 251 (rejected employer's claim that an employee's oral request

for payment, lacking a specific amount due, absolved employer from liability under the penalty provision of La. R.S. 23:631, even though Defendant paid the employee five months later, after receiving a written demand).

42. Defendants did not pay the amounts owed to Plaintiff upon demand.

## COUNT THREE
## RETALIATION
## 29 U.S.C. § 215(a)(3)

43. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in the prior paragraphs, as set forth herein and states:

44. The FLSA's anti-retaliation provision states:

> *It shall be unlawful for any person – (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.*

45. Plaintiff engaged in an activity protected by the FLSA when she sent Defendants a text message on October 30, 2021, complaining that Defendants owed her payments for hours worked and unpaid travel per diems. Plaintiff sent Defendant an additional text message on November 8, 2021, complaining that she still had not been paid for wages owed. Plaintiff had several subsequent conversations with Defendants seeking payment for wages owed. Plaintiff's text messages and subsequent oral complaints to Defendants were more than sufficient to constitute protected activity.

46. Plaintiff suffered adverse action by the Defendants' subsequent to and contemporaneous with her protected activity, in that her requests for additional work assignments were denied and Defendants threatened retaliatory litigation if Plaintiff proceeded with filing this lawsuit.

47. Defendants' threatening statements and the close temporal proximity of the employee's complaints and denial of work assignments, supports a causal connection between the protected activity and the Defendants' adverse actions.

## PRAYER FOR RELIEF

48. Wherefore, Plaintiff prays that process is issued according to law and demands judgment against Defendants as follows:

    a. All damages that may be awarded under FLSA, and Louisiana law; general compensatory damages including but not limited to;

    b. Special damages;

    c. Injunctive relief preventing and prohibiting Defendants from engaging in their present practices in violation of the laws cited herein;

    d. Reasonable attorney's fees and expenses and costs pursuant to 42 U.S.C. §1988;

    e. Unpaid overtime compensation for work performed and liquidated damages including, reasonable attorneys' fees, litigation costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b)

    f. Daily penalty wages pursuant to La. R.S. 23:631 and 23:632.

    g. Such other and further and different relief as this court deems just and appropriate.

Respectfully submitted this 4th day of January 2022.

        **MITCHELL & ASSOCIATES, APLC**

        /S/ Craig B. Mitchell Esq.
        Craig B. Mitchell (LSBA #24565)
        615 Baronne Street, Suite 300
        New Orleans, Louisiana 70113
        T: (504) 527-6433 F: (504) 527-6450
        Craig@2hurt2work.com

/S/ Arnold J. Lizana  (T.A.)
Law Offices of Arnold J. Lizana III
*PRO HAC VICE (Forthcoming*)
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
Tel./Fax 877-443-0999
alizana@attorneylizana.com

**ATTORNEYS FOR PLAINTIFF**