UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LORREL DANOS,

Plaintiff,
v.

PANEL SPECIALISTS, INC. and
JOSEPH EARL BERGERON

Defendants.

CIVIL ACTION NO. 2:22-cv-00014

JUDGE: GREG GERARD GUIDRY

MAGISTRATE JUDGE:
KAREN WELLS ROBY

**JOINT MOTION TO APPROVE PARTIAL SETTLEMENT AGREEMENT**

Plaintiff Lorrel Danos, ("Plaintiff"), and Defendants Panel Specialists, Inc. and Joseph Earl Bergeron, (collectively "Defendants") (Plaintiff and Defendants collectively "the Parties"), jointly request that this Court approve the Parties' partial settlement of the above captioned matter. Because Plaintiff's action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement agreement must be approved by this Court and said approval must be entered as a stipulated final judgment.

**I       Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees.

First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow theDistrict Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his alleged former employers.

The Parties agree that the instant action involves disputed issues regarding the payment of overtime wages under the FLSA. The Parties disputed whether FLSA preempted Plaintiff's LWPA Claims. The Parties further disputed whether Plaintiff's complaints were sufficient to constitute protected activity to allow a claim in retaliation. The Parties further disputed whether Defendant Joseph Bergeron is a covered employer under the FLSA.

Defendants generally disputed that there is factual basis to recover damages under FLSA and LWPA and contends that it can satisfy the elements of the "good faith defense" to liquidated damages, 29 U.S.C. § 260. The Parties agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the various disputed issues. The Parties' reached the figures set forth below after an extensive formal settlement conference facilitated by Magistrate Judge Roby. [Rec. Doc. 31]. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement agreements during negotiations and subsequently confirmed on the record. All parties were counseled and represented by their respective attorneys throughout the process.

### III. Summary of the Settlement

As agreed by the Parties, Defendants have agreed to pay $7,800, broken down as follows: $562.50 for 15 hours of unpaid overtime wages $562.50 for liquidated damages, $200 for unpaid per diems, and $1,025 for travel pay, with the balance of $5,450 for the release of all other claims. The Parties were able to reach

a resolution that disposes of Plaintiff's claims and also provides her with a mutual release of any claims Defendants may have against her. The Parties are confident that the settlement reflects a fair resolution of Plaintiff's claims given the heavily disputed legal and factual issues and the evidence reviewed by the Parties during the litigation.

The total settlement is $7,800, including full recovery of alleged overtime and liquidated damages on Plaintiff's overtime claim, as well as full payment for alleged payments due for travel and per diems. The settlement also includes a negotiated resolution regarding late payment penalties under LWPA. Of the total settlement amount, Plaintiff will receive the full $7,800. The Parties have agreed to reserve for determination by the court, the issue of that amount of attorney fees and costs to be paid to Plaintiffs' counsel.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss this action.

A proposed Order granting the relief requested herein is attached to this Motion as Exhibit A hereto.

Respectfully submitted, this 27th day of January, 2023.

**NAME OF FILING LAW FIRM**

| | |
|---|---|
| */s/ Arnold J. Lizana* | */s/ Defendant's Counsel* |
| Plaintiff's Counsel | Defendant's Counsel |

Law Offices of Arnold J. Lizana III  
1175 Peachtree Street NE, 10th Floor  
Atlanta, GA 30361  
alizana@attorneylizana.com  

*/s/ Craig Mitchell*  
Craig B. Mitchell (LSBA #24565)  
615 Baronne Street, Suite 300  
New Orleans, Louisiana 70113  
Craig@2hurt2work.com  

\*With permission by Defendants

L. ETIENNE BALART  
201 St. Charles Avenue, Suite 4800  
New Orleans, Louisiana 70170-5100  
ebalart@joneswalker.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LORREL DANOS,<br><br>Plaintiff,<br>v.<br><br>PANEL SPECIALISTS, INC. and JOSEPH EARL BERGERON<br><br>Defendants. | CIVIL ACTION NO. 2:22-cv-00014<br><br>JUDGE: GREG GERARD GUIDRY<br><br>MAGISTRATE JUDGE:<br>KAREN WELLS ROBY |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the Joint Motion for Partial Settlement Approval with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 27th day of January, 2023.

/s/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
alizana@attorneylizana.com