UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LORREL DANOS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 2:22-cv-0014** |
| **PANEL SPECIALISTS, INC and JOSEPH EARL BERGERON** | **SECTION: "T" (4)** |

### REPORT AND RECOMMENDATION

The Plaintiff, Lorrel Danos ("Ms. Danos"), has filed a **Petition for Attorney's Fees (Rec. Doc. 37)** pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended and Louisiana Revised Statutes 23, § 631. This matter has been referred to the undersigned Magistrate Judge to determine the appropriate amount and submit Proposed Findings and Recommendations pursuant to Title 28 U.S.C. § 636 (b)(1)(B).

### I.   Background

Plaintiff Lorell Danos (hereinafter "Ms. Danos") filed a lawsuit on January 4, 2022 seeking to recover unpaid wages from her former employment with Panel Specialists, Inc. located at 804 Blimp Rd., Houma LA 70363 (hereinafter "PSI"). Ms. Danos was employed by PSI as a Technician and was paid an hourly rate of $25.00 on a bi-weekly pay schedule. The Plaintiff alleges that the Defendants failed to pay her in full for regular and overtime hours worked as well as failed to compensate her for travel per diem owed. Rec. Doc. 1, p. 5.

On November 14, 2022, the parties participated in a court ordered settlement conference and were successful in settling the plaintiffs main claim. The court approved a settlement ordering Defendants to pay Plaintiff $7,800.00 for her lost wages, liquidated damages, travel per diem and late payment penalties. Rec. Doc. 39.

However, the attorney's fees claim remained. Another settlement conference was held on January 12, 2023 to address the attorney's fees issue, which was unsuccessful. Rec. Doc. 31. The plaintiff was ordered to file a motion to fix attorney fees in the record by January 27, 2023. Rec. Doc. 31. Thereafter, the plaintiff's attorney complied with the order and filed the subject Petition for Attorney's Fees and Cost pursuant FLSA § 16(b) and 29 U.S.C. § 216(b). Rec. Doc. 37, p. 7. The Plaintiff requests attorney's fees and cost totaling $36,302.00.

## II.  Standard of Review

The Supreme Court has specified that the *"Lodesta*r" calculation is the "most useful starting point" for determining the award for attorney's fees. *Id. Lodestar* is computed by "…the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The *Lodestar* calculation, "…provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id*. After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

Once the *Lodestar* has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[1]  If the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the *Lodestar*. *Id*. However, the *Lodestar* is presumed to be a reasonable

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of questions; (3) the skills required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fees is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and Length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-719 (5th Cir. 1974).

2

calculation and should be modified only in exceptional circumstances. *Id*. (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorney fees bears the burden of establishing reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended" and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co*., 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997)). The work Plaintiff's counsel performed in responding to the motion must be deemed to have been "expanded in pursuit of the ultimate result achieved." *Hensley v. Eckerheart*, 461 U.S. at 434-36.

### III.  Analysis

#### A.  Reasonable Hourly Rate

Arnold James Lizana, III ("Lizana"), counsel admitted Pro Hac Vice seeks a rate of $400.00 per hour and $350.00 for his co-counsel Craig Mitchell.  Rec. Doc. 37-1. Lizana is an attorney licensed in the Northern District of Georgia where he contends that his hourly rate is $500.00. *Id*.

Lizana contends that he "regularly" files FLSA claims in Georgia, Massachusetts, Connecticut, New York and Alabama. He attests that he has served as an Adjunct Law Professor at Western New England University School of Law where he taught employment courses which included FLSA and unpaid wage claims. He attests that he has served also as an Adjunct Professor at Post University teaching Alternate Dispute Resolution, and he routinely serves as an instructor on CLE program for professional education. Rec. Doc. 37-2., Exhibit A.

Lizana further attests that he has represented "thousands of clients " in FLSA cases including a recent national collective action. *See Canada et. al v. RA Sushi Holdings Corp.l et. al,* No. 1:2022cv04226 ( N.D. Ga. 2022). Craig Mitchell, local counsel, in this matter attests that he

has over 16 years litigating cases in this district. Rec. Doc. 37-1. He attests that he originally worked at a prominent New Orlans defense firm and later has his own defense firm Mitchell & Associates, APLC. *Id*. Mitchell further attests that he is active in state and federal court representing employees in wage and hour disputes which included FLSA employment cases. Like Lizana, Mitchell attests that he worked as an Adjunct Professor of Trial Advocacy at LSU. *Id*. Mitchell attests that he is admitted to the U.S. Supreme Court, the Fifth Circuit Court of Appeals and District Courts in the Eastern, Middle and Western. *Id*. He contends that he is due a reasonable rate of $350.00.

The "appropriate hourly rate… is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). Moreover, the rate must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation*.*" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13-00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 456 U.S. 886, 895 (1984)). In reference to attorneys' fees, "the criterion for the court is not what the parties agreed but what is reasonable. *See Clark v. Am. Marine Corp.,* 320 F. Supp. 709, 711 (E.D. La 1970), aff'd, 437 F.2d 959 (5th Cir. 1971).

Satisfactory evidence of reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the

4

detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); see also *White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience). If the hourly rate is not opposed, then it is prima facie reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. Of Mississippi v. City of Starkville,* 876 F.2d 468,469 (5th Cir. 1989)).

In this case Panel Specialists, does not challenge the reasonableness of the rates charged by counsel. Therefore, the Court finds that $400 is a reasonable rate for Lizana and $350 is a reasonable rate for Mitchell.

### B. Hours Reasonably Expended

Lizana contends that he billed 70.85 hours in connection with this case. He also contends that in the exercise of billing judgment, he reduced his hours by 5.7. Therefore, he now seeks to recover 65.15 hours.

Panel Specialists contend that while Lizana contends that he spent 70.85 hours on the case, that this number represents almost 2.5 times the amount spent by their counsel. As a result, PS contends the hours charged by Lizana given his touted superior experience with FLSA cases are excessive. PS contends that Lizana's hours should be reduced by thirty (30) hours. Rec. Doc. 40., p.10. PSI contends that if the Court reduces his hours that the reduction would account for the time spent by counsel on unsuccessful claims. PSI's counsel does not challenge the 25.20 hours sought by Mitchell for a fee of $ 8,820.00. However, PSI contends that as to Lizana, he fails to

address why Mitchell, who could have handled this matter, required his additional services for a combined proposed billable hour rate of $750.

The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "counsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id*. at 434. Hours that are not properly billed at one's client also are not properly billed to one's adversary. *Id*.

The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id*. The remedy for failing to exercise "billing judgement" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246,251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("if there is no evidence of billing judgement, however, then the proper remedy is not a denial of fees, but a reduction of the hours awarded by a percentage intended to substitute for the exercise of billing judgement."). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir. 2002) *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White,* 548 U.S. 53 (2006).

In this case, Lizana indicates that he exercised billing judgement by reducing his bill by 5.7 hours. However, the entries for which he did not bill total 8.95 hours. [2] *See* Rec. Doc. 37-2, p. 11-19. Although Lizana exercised billing judgment it was on a limited basis. A review of the billing entries indicates that there are other entries for which adjustments are appropriate. Some of the entries are vague, duplicate or administrative in nature. These entries will be addressed below.

---

[2] 1/4/22-0.30h; 1/4/22-0.30h; 1/5/22-0.15h; 1/5/22-0.30h; 1/6/22-0.25h; 1/25/22-0.15h; 4/20/22-0.40h; 7/26/22-0.40h; 10/24/22-0.30h; 10/24/22-0.40h; 11/13/22-3.00h; 1/20/23-3.00h.

C. <u>**Vague entries**</u>

Vague entries are those that are "not illuminating as to the subject matter" or "vague as to precisely what was done." *Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-CV-0913-D, 2005 WL 6789456, at *11 (N.D. Tex. Dec. 20, 2005), aff'd, No. 06-10123, 2007 WL 3085028 (5th Cir. Oct. 23, 2007). Examples such as: "revise memorandum," "review pleadings," "review documents," and "correspondence" are sufficiently vague that the court could accept or reject them in a fee application. *Id*. (citation omitted). In *Barrow,* the court found entries, such as "review file," "preparation of correspondence," "review correspondence," "phone conference with co-counsel," "legal research," and "review email" were all vague and did not award attorney fees for these entries. *Id*. (citation omitted); *see also Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2015 WL 3999171, at *5 n. 6 (N.D. Tex. July 1, 2015) ("Litigants take their chances when submitting such fee applications, as they provide little information from which to determine the 'reasonableness' of the hours expended on tasks vaguely referred to as 'pleadings,' 'documents,' or 'correspondence' without stating what was done with greater precision." (citation omitted)).

In this case the court notes that several of the entries are sufficiently vague such that an attorney's fee will not be awarded. The vague entries have descriptions such as "client counseling" "discussion with client", "legal research", "co-counsel communication discussion with local counsel". The total time for vague entries of 5.4 hours[3] will be disallowed. *See* Rec. Doc. 37-2, p. 8-11.

---

[3] 12/3/21-1.00h; 12/13/21-0.50h; 12/20/21-1.50h; 12/21/21-0.75h; 12/28/21-0.40h; 12/29/21-0.50h; 12/29/21-0.30h; 12/30/21-0.25h; 1/5/22-0.20h.

### D. Administrative Work

"Normally, clerical or secretarial costs are part of an attorney's office overhead and are reflected in the billing rate." *Hagan v. MRS Assocs., Inc.*, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (Africk, M.J.) (reducing hours billed for time attorney sent faxing documents) (citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir. 1995)); *In re North*, 59 F.3d 184, 195 (D.C. Cir. 1995); and *Gough v. Apfel,* 133 F.Supp.2d 878 (W.D. Va. 2001). "It is well established that 'when an attorney performs a task that could be handled by clerical staff, the opponent should not be charged the attorney's hourly rate.'" *Kuperman v. ICF Int'l, No*. CV 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009) (citation omitted) (reducing hours billed for time attorney spent copying and Bates-numbering documents). "Clerical work includes copying, typing, labeling, faxing, mailing, filing and/or delivering pleadings/documents." *Id*.

In this case there were also several entries that were administrative in nature. These entries are characterized by the following descriptions: "finalized and sent complaint to co-counsel", "prepared civil cover sheet", "prepared 2 requests for waiver of service", "co-counsel communication"; " sent Co-counsel waiver documents to execute", "sent co-counsel documents"; "plaintiffs portion of mediation fee", " sent motion for leave to amend complaint to co-counsel", " filed amended complaint" , "prepared summons" and " e-filing motion for approval of partial settlement". The total number of hours disallowed for administrative work is 2.85 hours[4]. *See* Rec. Doc. 37-2, p. 10-21.

---

[4] 12/31/21-0.35h; 12/31/21-0.20h; 12/31/21-0.50h; 1/3/22-0.30h; 1/31/22-0.15h; 2/23/22-0.25h; 3/16/22-0.25h; 4/21/22-0.10h; 1/27/23-0.75h.

### E. <u>Duplication</u>

"If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted." *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717 (5th Cir.1974); *See also Walker v. U.S. Dept. of Housing and Urban Development,* 99 F.3rd 761 5th Cir. 1996). As a general proposition, all time that is excessive, duplicative or inadequately documented should be excluded from any award of attorney's fees. *Id.*

There were several entries[5] that indicate that Lizana billed for the same work on more than one occasion. For example, in one instance he billed for reviewing correspondence from the defendant Bergeron. He also billed on the same date for reviewing communications from Bergeron's defense counsel E. Balaart. These entries appear to be for the same letter but with a switching of the name. Additionally, the timesheets show that on March 16, 2022, Lizana billed 0.10 hours twice for discussion with defense counsel regarding an extension of time to answer the complaint. *See* Rec. Doc. 37-2, p. 9-18. A total of 1.90 hours will be disallowed.

### F. <u>Unfiled Work and Excessive Hours</u>

A review of the billing entries also show that Lizana billed 0.60 hours for drafting and sending to defense counsel stipulated motion to stay proceedings which was not filed. *See* Rec. Doc. 37-2, p. 13. Therefore, this work is not appropriately billed. Thus, the 0.60 hours[6] billed for work not filed will be disallowed.

---

[5] 12/27/21-0.50h; 3/16/22-0.10h; 2/11/22-1.00h; 4/11/22-0.20h; 10/24/22-0.40h.
[6] 1/31/22-0.60h.

A further review of the billing entries reflect that time spent on some work was excessive.[7] The evidence shows that on November 13, 2022, Lizana billed 3.00 hours for drafting a mediation memo for a mediation that was upcoming. *See* Rec. Doc. 37-2, p. 19. On November 14, 2022, Lizana billed another 3.00 hours for finalizing and sending the mediation memorandum. *Id*. The memo however is four- and one-half pages long with some reference to case law, but it should not have taken 6 hours for a lawyer as experienced as Lizana. *See* Affidavit of Qualifications Lizana. Therefore, the work for the mediation correspondence will be reduced by 3.00 hours.

Additionally, Lizana billed 4 hours for virtually attending a mediation with the Court on November 15, 2022. *See* Rec. Doc. 37-2, p. 19. However, the Court record indicates that the conference actually lasted 2.30 hours. *See* Rec. Doc. 30. Therefore, Lizana overbilled by 1.7 hours such that the time allocated will be reduced to 2.3 hours as reasonable.

A second mediation conference took place on January 12, 2023. *See* Rec. Doc. 31. Lizana indicated, however, that he participated in a settlement conference on January 10, 2023, was in error. Furthermore, he billed 2.50 hours for the "Second Settlement Conference". *See* Rec. Doc. 37-2, p. 20. However, the Court record shows that the conference actually only took 53 minutes. *See* Rec. Doc. 31. Lizana, therefore overbilled by almost two hours or 1.97 hours. Therefore, only .53 minutes would be deemed reasonable.

Next, Lizana billed 0.80 hours total for reviewing the Defendants Motion for Leave to File a Reply. *See* Rec. Doc. 37-2, p. 16. However, the actual motion is two short paragraphs. The Court finds that this entry is excessive. Further, the Court finds that 0.70 should be disallowed and 0.10 is amount of time for review of the motion.

---

[7] 11/13/22-3.00h; 11/15/22-4.00h; 5/9/22-0.40h; 5/10/22-0.10h; 5/10/22-0.30h; 1/10/23-3.00h; 1/17/23-2.50h; 1/24/23-1.00h; 1/27/23-0.75h.

Lizana also charged 4.25 hours for drafting a three-page motion to approve his client's settlement. *See* Rec. Doc. 37-2, p. 20-21. A review of the motion indicates that it was rather simplistic and detailed the settlement reached on Danos' behalf and sought the Court's approval. The Court finds that 4.25 hours for this motion is excessive, and instead the Court finds that 1.50 hours is reasonable.

G. *Lodestar* **Calculation**

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for the attorneys as:

| *Attorney* | *Reasonable Hourly Rate* | *Hours Reasonably Expended* | *Lodestar* *Amount* |
|---|---|---|---|
| *Arnold J. Lizana III* | $400 | 41.03 | $16,412 |
| *Craig Mitchell* | $350 | 25.20 | $8,820 |
| | | **Total: 66.23 hours** | **Total: $25,232.00** |

The total *Lodestar* amount then is **$25,232.00.**

After the *Lodestar* is determined, the Court may then adjust the *Lodestar* upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that "enhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts." *Wells Fargo Equip. Fin., Inc. V. Beaver Const., LLC*, No. CIV.

11

6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (Citing Walker v. U.S. Dep't. of Housing and Urban Dev., 99 F.3d 761, 771-72 (5th Cir. 1996)).

Finally, to the extent that any *Johnson* factors are subsumed in the *Lodestar,* they should not be reconsidered when determining whether an adjustment to the *Lodestar* is required. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

The Court has carefully evaluated the Johnson factors and finds that a downward adjustment of the *Lodestar* is warranted. The Court finds that fees should not overwhelm a case. Furthermore, as Defendants pointed out, proportionality is an appropriate consideration, especially when disproportion between the fees awarded and the result obtained is particularly "eyebrow raising." *Gurule v. Land Guardian, Inc.*, 912 F.3d 252 (5th Cir. 2018). Case law has recognized that the most critical factor in determining reasonableness of a fee award is the degree of success obtained. *See Villegas v. Regions Bank*, No. H-11-904, 2013 U.S. Dist. LEXIS 1690 (S.D. Tex. Jan. 4, 2013).

First, Plaintiff only recovered $7,800.00 for her lost wages, liquidated damages, travel per diem and late payment penalties. Rec. Doc. 39. This amount is $8,612 less than the amount Lizana would be awarded under *Lodestar* ($16,412). The Court finds that an award of fees double the amount of Plaintiff's recovery is unjustified. Plaintiff's recovery of $7,800.00 further demonstrates the lack of success obtained, especially when the Court considers the fact that Defendants were willing to offer $12,612.50 at one point. *See* Rec. Doc. 37, p. 3, Lizana Decl. at ¶20.

Second, Lizana contends that he spent 70.85 hours on the case, which Defendants contend represents 2.5 times the amount spent by their counsel. The Court finds that 70.85 hours is excessive and unreasonable given Lizana's touted superior experience with FLSA cases. Also, as Defendants have noted, Plaintiff's memorandum fails to address why (1) Mitchell, an also highly-

12

skilled attorney and local, could not handle this matter on his own and achieved the same if not similar result, and (2) why Plaintiff's claim required the services of two partner-level attorneys whose combined billable hour rate is $750.

Taking into account the Johnson factors, primarily the degree of success achieved, a 30% reduction of Lizana's individual fee under *Lodestar* is justifiable, as Defendants do not dispute Mitchell's individual fee. As such, the Court finds that Lizana's award under *Lodestar* should be reduced by $4,923.60, which would bring the total amount to $11,488.40.

### H. Costs

Regarding costs, Plaintiff's attorneys indicate a filing fee of $502.00, and a fee for a mediator on March 10, 2022, amounting to $920.00. The filing fee includes $402.00 associated with the cost of filing the case, and $100.00 for the *pro hac vice* fee.

The EAJA also provides for an award of costs, as defined by those enumerated in 28 U.S.C. § 1920. *See* 28 U.S.C. § 2412(a)(1). Section 1920 lists "[f]ees of the clerk" as a taxable cost, 28 U.S.C. § 1920(1), and thus court filing fees are an appropriate award under the EAJA. *Ybarra v. Astrue*, No. 07-CV-329, 2008 WL 2779291, at *5 (S.D. Tex. July 15, 2008); *see, e.g., Little v. Berryhill*, No. 17-CV-328, 2018 WL 8754166, at *1 (S.D. Tex. Aug. 16, 2018) (awarding Plaintiff the filing fee as a cost), *report and recommendation adopted*, 2018 WL 9991758 (Sept. 19, 2018). Therefore, the Court finds that Plaintiff's attorneys are entitled to the $502.00 filing fee.

However, as to the mediator fee, "[t]he Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987)). Under § 1920, a court may tax the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters,

and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

Therefore, mediator fees are not recoverable under § 1920. *See Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512 (5th Cir. 2001) (finding that the district court erred in awarding the costs of mediation [because the expense did not fall] within § 1920).

Thus, the Court finds that given the absence of explicit statutory or contractual authorization to the contrary, Plaintiff's attorneys are not entitled to the costs associated with mediation in the amount of $920.00. *See Crawford*, 428 U.S. at 444-45.

## IV. Recommendation

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Petition for Attorney's Fees (Rec. Doc. 37)** be **GRANTED**. The Plaintiffs should be awarded reasonable attorney's fees and expenses in the amount of **$20,810.40**.

**IT IS FURTHER RECOMMENDED** that Arnold J. Lizana III be awarded fees in the amount of **$11,488.40**.

**IT IS FURTHER RECOMMENDED** that Craig Mitchell be awarded fees in the amount of **$8,820.00**.

**IT IS FURTHER RECOMMENDED** that the Plaintiff's attorneys be awarded costs in the amount of **$502.00**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrates judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected- to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1196).

New Orleans, Louisiana, this 24th day of July 2023.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**